JAMES HALPIN, Respondent, v. ABRAHAM J. MANNY, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Contracts:** ABSOLUTE REFUSAL TO PERFORM. Where a party to a contract forbids its performance by the other, or interferes with its performance by the other to an extent which amounts to a refusal of performance, the party thus interfered with may recover as if he had performed his contract.

2. ———: EVIDENCE OF QUALITY OF MATERIAL. The fact that a box is marked as containing material of a certain quality is not evidence that material taken out of the box is of that quality.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*E. B. Sherzer* for appellant.

*Wm. B. Thompson* for respondent.

The plaintiff is entitled to recover on the contract
in this case, because it appears that he was ready to per-
form the contract, and that the defendant forbade the
performance of the work; and such a refusal to permit
the work to proceed is equivalent to the performance
of the contract. *Pond v. Wyman*, 15 Mo. 116; *Stein-
berg v. Gebhardt*, 41 Mo. 519; *Nearns v. Horbert*, 25
Mo. 352; *Stumpf v. Mueller*, 17 Mo. App. 290; *Little
v. Mercer*, 9 Mo. App. 218; Benjamin on Sales [4 Ed.],
566; *Fitzgerald v. Hayward*, 50 Mo. 524; *Bean v.
Miller*, 69 Mo. 384; *Park v. Kitchen*, 1 Mo. App. 358;
*Baker v. Railroad*, 19 Mo. App. 321; *Dobbins v.
Edwards*, 18 Mo. 307.

ROMBAUER, P. J.—This is the third trial of this
cause, each trial resulting in a verdict for plaintiff for
the full amount claimed. This appeal is the second
appeal taken by the defendant, our opinion on his
former appeal being reported in 33 Mo. App. 388. The
case has been pending for a period of eight years and
more, and has been tried by two different trial judges
and before juries taken from different localities. The
statement of these facts will suffice to show that,
unless serious errors have intervened in the last trial of
the cause, very materially affecting the rights of the
appealing party, it is our duty to affirm the judgment.
*Interest reipublicæ ut sit finis litium.*

On the present appeal the defendant assigns for error the giving of erroneous instructions and the admission of illegal testimony for plaintiff.

The suit is brought upon a contract to recover the sum of $290, the agreed price of a furnace which the plaintiff agreed to place in the defendant's house. The plaintiff, by the terms of the contract, guaranteed that it would heat the house to a temperature of eighty degrees Fahrenheit while the outside temperature was at zero. The plaintiff did not, either by his pleading or proof, claim that he had complied with this guarantee, but he did claim that he was prevented from doing so by the defendant's interference with his work as to the location of the furnace, and as to the angle of elevation at which plaintiff desired to place the duct pipes from the furnace to the registers. The great bulk of testimony at the trial had reference to the question, whether or no the defendant had thus interfered with the placing and connections of the furnace, and whether such interference had any material effect in reducing the heating capacity of the furnace. There was substantial evidence *pro* and *con* on this subject, with the weight of which we have nothing to do. It is a familiar rule of law that, where a party to the contract forbids its performance by the other, or interferes with its performance by the other to an extent which amounts to a refusal of performance, the party thus interfered with may recover as if he had performed his contract. *Little v. Mercer*, 9 Mo. 218; *Bean v. Miller*, 69 Mo. 384; *Park v. Kitchen*, 1 Mo. App. 358; *Dobbins v. Edmonds*, 18 Mo. App. 307. This branch of the case was submitted to the jury, on appropriate instructions, and their finding for plaintiff is equivalent to a finding that the defendant's interference prevented the fulfillment of the plaintiff's guaranty. The court, upon the defendant's request, explicitly charged the jury that, if,

the want of heating capacity was due to the faulty con-
struction of the furnace itself, the plaintiff could not
recover. Hence, we believe the assignment of error,
that the instructions are erroneous, is untenable.

When the cause was here upon the last appeal, we
held that, unless the plaintiff complied with his con-
tract in every particular, or unless such compliance
was waived by the defendant, the plaintiff could not
recover upon the contract. One of the covenants of
the plaintiff's contract was that all pipes should be of X
bright tin. The evidence on the preceding trial showed
that some of the pipes were of sheet iron, and some of
J. C. tin, which is of an inferior quality to X bright. We
reversed the judgment on this showing, and held that
the obligation to do one thing was not discharged by
doing something else which is claimed to be equally as
good. Upon the last trial the petition averred, and the
evidence conceded, that the substitution of sheet iron
for tin pipes in certain parts of the work was by con-
sent of parties. There was considerable conflict,
however, on the question whether the residue of the
pipes consisted of X bright or J. C. tin. While testi-
mony on this subject was being elicited, the plaintiff
was permitted to give evidence that the boxes, out of
which the tin for manufacturing the pipes were taken,
were marked X bright tin. This testimony was irrele-
vant, it is true; but its irrelevancy was still further
shown to the jury by the testimony of witnesses to the
effect that tin of different quality is very often shipped
in the same box. Hence, we can see no probability
that the admission of this evidence was prejudicial to
the defendant. There was substantial relevant evi-
dence upon the trial by those who inspected the pipes
themselves, and were competent to form an opinion,
that the pipes were manufactured of X bright tin. The
weight of the evidence, it is true, seems to be to the

contrary, but with that, as above said, we have no concern.

Under all the evidence the defendant was not entitled to have his instruction given, which was in the nature of a demurrer to the evidence. He was entitled to the following instruction, which the court refused to give, and which was the only other instruction asked by him and refused by the court, to wit:

"The court instructs the jury that, even though they may believe from the testimony that the pipes for said furnace, other than the cold air and smoke pipe, were made from tin taken from a box marked X bright tin, that, of itself, is no evidence that such tin was X bright tin."

This instruction was probably refused by the court under an erroneous conception, that it was a comment upon the evidence. As, however, the defendant had his case fully presented to the jury in six other instructions which the court gave on his behalf, the mere refusal of this instruction, which may or may not have been prejudicial to the defendant, would not warrant us in reversing the judgment after three verdicts for the plaintiff, when it appears that the case has been tried substantially free from error in other respects.

With the concurrence of the other judges the judgment is affirmed.