GEORGE W. MURPHY et al., Respondents, v. GEORGE BLACK, Appellant.

**St. Louis Court of Appeals, January 24, 1899.**

1. **Contract: PERFORMANCE: INTERFERENCE.** Where one party to a contract interferes with its performance by the other party to such an extent as to amount to a refusal to perform, the party interfered with may recover as for a full performance on his part.

Murphy v. Black.

2. Practice, Trial: EXCEPTIONS. When no exceptions are saved to the admission of the evidence, the action of the trial court can not be reviewed.

*Appeal from the Scotland Circuit Court.*—HON. EDWIN R. McKEE, Judge.

AFFIRMED.

SMOOT, MUDD & WAGNER for respondent.

The appellate court tries the case on the abstract and not on the transcript. Wilds v. Ins. Co., 65 Mo. App. 78. Many times attorneys have been reminded of this fact. Trumble v. Wallman, 62 Mo. App. 541. The refused instruction not having been set out in the abstract and no reference to them or the evidence on which they were based, court will not consider them. Aultman Taylor v. Smith, 52 Mo. App. 351; Goodson v. Railroad, 23 Mo. App. 76; State v. Pierce, 34 Mo. App. 458; Nichols v. Nichols, 39 Mo. App. 291; Deering v. Collins, 38 Mo. App. 80; Bank v. Davidson, 40 Mo. App. 421; Hildebrant v. Donnellson, 69 Mo. App. 92; Wilds v. Ins. Co., 65 Mo. App. 78. Where it is necessary to review the evidence and deliver its import, it must be set out in the abstract. The court will not go into the abstract to find objections. Bowlin v. Creel, 63 Mo. App. 229; Spence v. Crow, 47 Mo. App. 321; Irvin v. Karnes, 58 Mo. App. 254; Garrett v. K. C. Coal Mining Co., 111 Mo. App. 279. The instructions given fairly present the case and cover every phase of the case in light of the evidence. Fugate v. Miller, 109 Mo. 281. The proper measure of damages where defendant has refused to permit plaintiff to perform his contract is the agreed price. Halpin v. Manny, 57 Mo. App. 59; Bean v. Miller, 69 Mo. 384; Dobbins v. Edmonds, 18 Mo. App. 307.

J. M. JAYNE and M. M. PETTINGILL for appellant.

The court erred in the admission of evidence over the objections of the defendant (the appellant herein) in permitting several witnesses to testify that they had been cured. See evidence of John Shanks on pages 50, 51 and 52 of transcript; also Wm. Harris, Wm. D. Burris and Benj. Weaver, as the same was incompetent under the pleadings and contract. The court erred in giving instructions on part of respondent over the objections of appellant, as giving of same was not warranted by the evidence and the pleadings. The court erred in not confining the respondents to the one fact, as to whether or not this appellant was cured, and not that they had cured other parties, as under the evidence of respondents they were to cure the appellant or receive no pay. See evidence of Dr. Murphy and also Exhibit "A" on page 97 of transcript herein. Cropson v. Wallace, 71 Mo. App. 682.

BIGGS, J.—This action is based on an alleged special contract in which the plaintiffs undertook to cure the defendand of alcoholism. According to the evidence of plaintiffs they agreed to effect a cure for $75, provided the defendant would submit to a regular course of treatment (which was about twenty-one days) and would drink whisky during the time only in the presence of the plaintiffs or one of them. There was also evidence tending to prove that the defendant took the treatment for seventeen days; that during the time he secretly drank spirituous liquors, which prevented the plaintiffs from properly treating him, and that at the end of the seventeenth day he refused without cause to submit to further treatment.

The defense was that at the time the alleged contract was entered into, the defendant was crazed by drink to such an extent that he was incapable of making a contract, and

further that plaintiffs advertised to effect cures or no charge would be made, and that the defendant was not cured, all of which the defendant's evidence tended to prove.

The plaintiffs conceded that they guaranteed cures conditionally, that is the patient should take a full course of treatment and follow plaintiffs' instructions in all things, which the defendant refused to do. Their evidence in rebuttal was to the effect that although the defendant was under the influence of liquor when he applied for treatment, yet he entered into the contract with a full understanding of its terms, and further that after he became thoroughly sober the contract was explained to him, and he assented to it.

The jury returned a verdict for the full amount, and judgment was entered thereon. The defendant has appealed.

The defendant complains of the admission of certain testimony, which he claims was incompetent and irrelevant. There was no exception saved to the admission of the evidence, hence the action of the court can not be reviewed.

The brief of the defendant contains a general or sweeping objection that the plaintiffs' instructions are wrong. In what respect they are erroneous, is not pointed out. Such an assignment of error (if it may be so designated) is difficult to answer. We have read the authorities on both sides, and it seems to us that the issues were fairly submitted. The only legal question of any consequence is whether the plaintiffs are entitled to recover under any circumstances, it being admitted that the defendant had not been cured, and that the plaintiffs had agreed to cure him or charge nothing for their services. The court instructed that if the defendant failed to observe the essential conditions of the contract as above mentioned, and that thereby the plaintiffs were deprived of the opportunity of performing their part of the

agreement, then they were entitled to recover. This instruction was right. The rule is, that where one party to a contract interferes with its performance by the other party to such an extent as to amount to a refusal to perform, the party interfered with may recover as for a full performance on his part. Halpin v. Manny, 57 Mo. App. 59, and authorities cited.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.