JAMES F. WALKER, Respondent, v. N. E. LUND-STROM, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. CONTRACTS: Action: Quantum Meruit: Instructions. Held that an instruction given by the court and set out .in the opinion does not base the plaintiff's right to recover on .quantum meruit but on a contract.

2. ———: ———: Performance: Recovery. Where a party to a contract forbids its performance by the other party such other party may recover as if he had performed his contract.

Appeal from Jasper Circuit Court.—Hon. Howard Gray, Judge.

AFFIRMED.

T. C. Tadlock and Frank L. Forlow for appellant.

(1)   The petition in this case declared on a special contract and not on quantum meruit.   Chapman v.

Currie, 51 Mo. App. 40.   (2)   The plaintiff may have the remedy of *quantum meruit* in a case where the defendant prevents the full performance of a contract and is therefore in fault.   The plaintiff, if he was prevented from completing his part of the agreement in this case, had the right to treat the contract as abandoned and sue for what he had done already towards the performance instead of seeking damages on the contract for breach.   Ream v. Watkins, 27 Mo. 560; Ehrlich v. Insurance Co., 88 Mo. 249.   (3)   The law as declared by the court as shown by the instructions given, show that the court tried the case upon a false theory of the law.

*H. T. Harrison* for respondent.

(1)   Where a party to a contract forbids its performance by the other, or interferes with its performance by the other to an extent which amounts to a refusal of performance, the party thus interfered with may recover as if he had performed the contract.   Halpin v. Manny, 57 Mo. App. 59; Little v. Mercer, 9 Mo. 218; Bean v. Miller, 69 Mo. 384; Pork v. Kitchen, 1 Mo. App. 358; Dobbins v. Edmonds, 18 Mo. App. 307; Nearus v. Harbert, 25 Mo. 354; Pond v. Wyam, 15 Mo. 183; Steinberg v. Gebhardt, 41 Mo. 519; Peck & Co. v. Roofing & Corrugating Co., 96 Mo. App. 212; Boland v. Quarry Co., 127 Mo. 520.   (2)   Respondent here never claimed to be suing as on a *quantum meruit*.   He had made his plans, they had been accepted.   The basis of respondent's damages was the contract price, the court after hearing all the evidence found the issues for respondent and assessed his damages at $300.

BROADDUS, P. J.—This is a suit by plaintiff to recover damages for breach of contract.   He was employed by defendant as an architect in forming, and drawing plans and specifications, and making estimates

for, and superintending an opera house building at Alba, Jasper county, Missouri. The contract was entered into in September, 1906. The defendant was to pay plaintiff five per cent on the estimated cost of the building which according to plaintiff's statement, was ten thousand dollars, exclusive of the heating fixtures and the furnishing. In October the pencil sketches were completed, the plans approved and payment of $50 was made on the contract.

The evidence tended to show that when plaintiff told defendant the building would cost ten thousand dollars, he said he would rather it would not cost over that sum, but if it cost even twelve thousand dollars he could build it. Defendant afterwards paid plaintiff the additional sum of $50 on the contract. He employed a contractor to calculate on the cost of building by the day and ordered some of the materials for the work. Soon after he left with two car loads of horses for the southern market and on his return in December refused to go on with the construction of the building. The evidence tends to show that plaintiff held himself in readiness to go on with the work. The defendant's evidence tends to show that the estimated cost of the building was not to exceed ten thousand dollars, and that the one contemplated by plaintiff would cost fourteen thousand dollars. The court sitting as a jury found for plaintiff and rendered a judgment for three hundred dollars, from which defendant appealed.

As the suit was upon contract it is the defendant's contention that the court committed error in giving declaration of law numbered one. It is as follows: "The court declares the law to be that if it believed from the evidence that the defendant entered into a contract with the plaintiff to render services for him as architect in forming and drawing plans and specifications and

making an estimate for and superintending the erection of an opera house at Alba, Jasper county, Missouri; and that defendant agreed to pay plaintiff the sum of five per cent on the cost thereof, that plaintiff drew the plans and specifications and made an estimate of the cost thereof; and that plaintiff was prevented from completing said contract by the refusal of defendant to build or cause to be built said opera house building, then you should find for the plaintiff for the sum of five per centum on the estimated cost of said building, less one hundred dollars heretofore admitted as a credit thereon, provided, if the court further finds that this suit was not brought before the building would have been completed had the defendant proceeded with the construction of the same."

It is the claim of defendant that the language "provided . . . that this suit was not brought before the building would have been completed," etc., applies to a case on *quantum meruit*. We cannot see why. The instruction bases plaintiff's right to recover on the contract and not for services had and received and the language referred to only qualifies his right to recover on his contract. The court tried the case upon the theory, as shown by the instructions on both sides, that it was a suit for damages for breach of contract.

It is the settled law of this State that: "Where a party to a contract forbids its performance by the other, or interferes with its performance by the other to an extent which amounts to a refusal of performance, the other party thus interfered with may recover as if he had performed his contract." [Halpin v. Manny, 57 Mo. App. 59; Peck & Co. v. Roofing and Corrugating Co., 96 Mo. App. 212; Boland v. The Glendale Quarry Co., 127 Mo. 524; Halsey v. Meinrath, 54 Mo. App. 341.]

We find no error in the record. Cause affirmed. All concur.