**John B. REID (Plaintiff), Respondent,**

v.

**William KELLY and Jeanetta Kelly (Defendants), Appellants.**

No. 22568.

Kansas City Court of Appeals.

Missouri.

April 1, 1957.

Donald L. Randolph, Kansas City, for appellants.

David W. Wilhite, Kansas City, for respondent.

CAVE, Judge.

Plaintiff sued defendants for the balance due on two contracts. Count one sought to recover the unpaid balance on a written contract for the repair of defendants' dwelling house; and Count two sought to recover on an oral contract for the erection of a stairway adjoining the dwelling house. Trial to a jury resulted in a verdict and judgment in favor of plaintiff on both counts in the total sum of $2,068.26. Defendants perfected their appeal.

Defendants' residence had been damaged by fire. They entered into a written contract with the plaintiff to make the repairs. The contract enumerates 22 items of work to be done and provides that the plaintiff shall furnish all labor and material necessary for completion of the repairs; that the same shall be done in a workmanlike manner; and for such services he shall be paid the sum of $3,452.90. There was $1,400 paid at the time of the execution of the contract, and the balance was to be paid when the work was completed. The contract outlined the work to be done in very general terms, without specific plans.

The second count was on an oral contract for the construction of a stairway leading from the ground to the second floor on the outside of the residence, for which plaintiff was to be paid $200.

Plaintiff completed the work and made demand of payment, which was refused for the reason, as claimed by defendants, that plaintiff had not made the repairs in a workmanlike manner. Within a few days after plaintiff completed his work, the attorney for defendants submitted to plaintiff a list of 35 items which it was claimed were not properly done.

Because of the points raised on appeal, it is unnecessary to detail the evidence relative to the various items. At the trial, plaintiff was questioned about each item and testified that each had been performed in a proper manner or was not included within the provisions of the contract

The defendants did not testify, but they employed an architect to inspect the repairs and it was upon his report that the 35 items of deficiency were based. He had inspected the house before any repairs were made and estimated the cost of repairs at from $3,500 to $4,000. Within a few days after the completion of the repairs, he again made an inspection and testified that in his opinion the items which he had listed were not properly done. He again inspected the house on the day before the trial, which was more than two years after the completion of the work, and testified that he found it in the same condition it was when he made his first inspection of the work. None of his suggested changes had been made.

■ On appeal defendants claim error in plaintiff's instructions numbers 1 and 2. Defendants argue that there is no evidence to support certain hypothesized fact issues which authorize a verdict for the plaintiff. The instructions, in effect, direct a verdict for the plaintiff if the jury finds that the repairs were made according to the terms of the contract *or* that the defects, if any, were of a minor nature, and that plaintiff offered to complete the repairs according to the contract, but the defendants refused to permit him to do so.

Defendants contend that there is no evidence that the plaintiff offered to complete the repairs and that the defendants refused to permit him to do so. In this connection, we note plaintiff's petition (Par. 4) alleges that he offered to correct the defects, if there were any, and advised the defendants of the date he would be present to do so, but prior to that time defendants "notified the plaintiff not to come back nor do anything more on the job". Paragraph 5 alleges that plaintiff was ready, willing and able to correct any defects, but that the defendants refused to permit him to do so. The answer of the defendants admits that they "notified the plaintiff not to come back or do anything more on the job, as alleged in paragraph 4 * * *"; and that "defendants admit that they refused to let plaintiff do any more work on the premises as alleged in paragraph 5 * * *". Plaintiff testified, without objection, that he instructed his attorney to ascertain what the defendants desired done and was informed that the defendants would not permit plaintiff to do any more work.

Thus the pleadings and the evidence clearly establish that the defendants would not permit the plaintiff to correct any deficiencies in the work, if there were any.

The law is well established that, "where a party to the contract forbids its performance by the other, or interferes with its performance by the other to an extent which amounts to a refusal of performance, the party thus interfered with may recover as if he had performed his contract". Halpin v. Manny, 57 Mo.App. 59, 61. There are many cases announcing this doctrine. See Stuckes v. National Candy Co., 158 Mo.App. 342, 359, 138 S.W. 352; Walker v. Lundstrom, 132 Mo.App. 367, 370, 112 S.W. 1; Moore v. Board of Regents, 215 Mo. 705, 725, 115 S.W. 6; Neeper v. Heinbach, Mo.App., 249 S.W. 440, 441.

The two instructions complained of incorporate this doctrine and are not subject to the criticism made by the defendants. They might have been more artfully drawn, but the jury could not have been misled.

■ The defendants also argue that the instructions are erroneous because the jury was not permitted to take into consideration any defects in workmanship in arriving at a verdict. This contention is answered by the court in Moore v. Board of Regents, supra, where it is said, 215 Mo. 724, 115 S.W. 12: "If the jury found that defendants wrongfully refused to permit plaintiffs to carry out their contract, then whatever damages ensued was the result of their own wrongful act". Defendants cite Boteler v. Roy, 40 Mo.App. 234. But that case did not involve the question of the defendant refusing to permit the contractor to complete the work. It is not controlling in the instant case.

The instructions are not erroneous on the grounds assigned.

The judgment is affirmed.

All concur.