Joyce Coombs **SCHNEIDER**, Plaintiff-Respondent,

v.

Mark C. **DANNEGGER**, Defendant-Appellant.

No. 32896.

St. Louis Court of Appeals.

Missouri.

Nov. 19, 1968.

Motion for Rehearing or for Transfer to Supreme Court Denied Dec. 18, 1968.

Guilfoil, Caruthers, Symington, Montrey & Petzall, Gordon G. Hartweger, St. Louis, for defendant-appellant.

Lawrence O. Willbrand, St. Louis, for plaintiff-respondent.

WOLFE, Judge.

This appeal is one of two in cases arising out of the same accident. Although the appeals were joined for the purpose of briefing and argument, separate opinions appear to be necessary for the sake of clarity.* This is a suit for damages arising out of personal injuries sustained by the plaintiff. The injuries were occasioned when an automobile in which the plaintiff was a passenger was struck by an automobile driven by the defendant. There was a verdict and judgment for the plaintiff in the sum of $4,250.00, and the defendant appealed.

The appellant relies on three points. One of these is that the court erred in submitting to the jury an instruction on excessive speed in that there was no evidence of probative value to support a finding that the defendant drove at excessive speed. Another is that the court erred in giving the measure of damages instruction which permitted a finding for future damages. It is asserted that this was not supported by the evidence. It is also contended that the court erred in not granting a new trial because the argument of plaintiff's counsel was prejudicial.

The facts are that the plaintiff, a young woman 18 years of age, named Joyce Coombs at the time, was a passenger in the automobile of her fiance, Roger Schneider. Both of them resided with their respective parents in St. Louis County. Their subsequent marriage accounts for the present name of the plaintiff. Roger Schneider, age 22 at the time, was in the United States Air Force. He was stationed at Chanute Field which was about 180 miles from St. Louis. On April 23, 1965, he had gone home on a weekend's pass. He had spent the evening at the home of his fiancee watching a baseball game on television with her family.

The game was over sometime between 9:30 and 10:00 P.M., and Schneider and Joyce decided to go to the home of Schneider's parents. Schneider owned and was driving a 1964 Chevrolet. The car had bucket seats separated by a "console." Joyce sat in the passenger's seat to the right of the console and Schneider in the driver's seat to the left of it. The weather was clear. As they neared their destination they were traveling east on Link Avenue. This east and west street was about 35 to 40 feet in width with a single lane for traffic in each direction. It was intersected by Hurstgreen Avenue, a north and south street of the same approximate width providing a lane for northbound traffic and a lane for southbound traffic. The speed limit in the area was 20 m. p. h.

Approaching the intersection, Schneider slowed from a previous speed of 20 m. p. h. to 10 m. p. h. When he was about 15 feet from the intersection he looked to the left and saw no car approaching. At that point he could see 150 feet up Hurstgreen Avenue, but beyond that it curved. His automobile had reached a point where the front of his car was "just passing" the center of the intersection. Joyce stated that she saw the lights of defendant's car to the left when it was 50 feet from the intersection and traveling at a speed of 35 to 40 m. p. h. Schneider testified that he did not see the lights of the defendant's car until it was entering the intersection at a speed of 35 or 40 miles per hour. It struck Schneider's car at its left door as his car was crossing the intersection in the south lane of Link. The collision turned Schneider's car and it came to rest pointing toward the west with the defendant's car up against it facing in a southerly direction.

The defendant, testifying in his own behalf, stated that he was driving a 1958 Chevrolet southwardly on Hurstgreen. The curve in Hurstgreen as it approaches Link straightens out about one-half block before Hurstgreen intersects Link. He stated that as he came out of the curve he was going 15 to 20 m. p. h. He said that he looked to the left and to the right for parked cars on Hurstgreen Avenue. He lighted a

* See also Schneider v. Dannegger, Mo.App., 435 S.W.2d 416.

cigarette with his right hand, keeping his left hand on the steering wheel. Some ash blew into his right eye and he rubbed it with his right hand but watched the road ahead with his left eye. He said that he got the ash out of his eye when he was a quarter of a block away from Link. He looked to the left and saw no cars on Link, and then to the right and saw Schneider's car in the intersection. He stated that at that time his own car was entering the intersection.

The plaintiff received a deep cut in the lower left leg. Schneider was taken from his car and placed on the lawn of an adjoining yard. The facts relating to plaintiff's injuries will be set out in discussing appellant's contention that the measure of damages instruction was erroneous as given.

■ As to the first instruction which directed a verdict for the plaintiff upon a finding that the defendant negligently drove at an excessive speed or failed to yield the right of way, the defendant here asserts that the plaintiff's evidence as to speed was manifestly untrue and that therefore the instruction was erroneously given. In support of the assertion made the defendant emphasizes evidence that he considered favorable to the defendant. We must do quite the converse of this and consider the evidence in a light most favorable to the plaintiff to determine if the case of excessive speed was properly submissible. No cause may be withdrawn from a jury unless the facts in evidence and the legitimate inferences to be drawn from them are so strongly against the plaintiff as to leave no room for reasonable minds to differ.

■ It appears to be the contention of the appellant that the testimony of Schneider and plaintiff as to the speed of the defendant's car was not credible evidence because of the short space of time the witness had to estimate the speed. We are cited to our case of Bauman v. Conrad, Mo.App., 342 S.W.2d 284, as authority for this position and the appellant quotes l. c. 287 wherein we stated:

"The only evidence of negligence based on excessive speed was the testimony of plaintiff that defendant William Conrad, 'at the time of the accident' was operating the car, in which plaintiff was a passenger, at a rate of 35 miles per hour."

We did not in that case reject the evidence as to speed, but we found that there was no evidence of a causal connection with the speed testified to and the collision therein considered. It has been held by the Missouri Supreme Court that a qualified witness viewing a moving motorcycle for $\frac{1}{16}$ or $\frac{1}{18}$ of a second was properly permitted to testify as to her estimate of its speed. The weight of the testimony was for the jury. Johnson v. Cox, Mo., 262 S.W.2d 13; Shepard v. Harris, Mo., 329 S.W.2d 1; Zeigenbein v. Thornsberry, Mo., 401 S.W.2d 389.

The defendant-appellant also asserts that the measure of damages instruction which permitted recovery for damages which the plaintiff "is reasonably certain to sustain in the future" was erroneous in that there was no evidence that the plaintiff would suffer any damage in the future. As to her injuries the evidence was that the plaintiff, leaving Schneider at the scene of the accident, managed to get to Schneider's parents' home which was a block from the place of the accident. She was taken back to the intersection in a neighbor's car and an ambulance then took her to the County Hospital. She testified that the cut on her lower left leg was to the bone and that a piece of flesh from the wound was found in the car. The hospital records disclose an abrasion to the right hip and upper leg and a laceration of the lower left leg requiring 26 sutures. After the wound was treated a removable cast was placed on the left leg. After that she was treated by a Dr. West. She stated that when she stands for a period of time her leg becomes painful. The scar gets scaly and dry and her leg swells and pains shoot to her knee during her menstrual period.

**416**

It is still tender and pains her when it is accidently bumped. Dr. West testified that if at the time of trial she still had pain in the area the condition would be permanent. Another physician who had examined the plaintiff testified on behalf of the defendand that he found no abnormality except a scar. He said that the pain at the menstrual period could be caused by an accumulation of fluid which could be alleviated by medication.

 We are cited to two cases by this court: Driver v. Anheuser, Mo.App., 397 S.W.2d 11; Yates v. Bradley, Mo.App., 396 S.W.2d 735. In the Driver case we held that the existence of a scar in and of itself is not proof of a permanent disability in the absence of evidence of the permanence of the scar. The same was true in Yates v. Bradley. In the instant case, plaintiff is not seeking recovery for the scar, but for the after effects of the wound. We do not find the cases cited relevant to the instruction here considered for there was evidence of future suffering and that the injury would be permanent. This supported the giving of the instruction, and the point is without merit.

The only other point raised goes to the closing argument of counsel for the plaintiff. The appellant objected three times to statements made by plaintiff's counsel. His objections to two statements were sustained and he asked for no further action by the court as to those during the course of the argument. As to those statements, there is nothing before us. The only other statement, to which objection was made and overruled, was an analogy made by counsel for the plaintiff which in substance was that the defendant paid Dr. Schaerer $250.-00 for twenty minutes of testimony and that if the jury allowed the plaintiff a sum equal to $250.00 a year until she was fifty years old it would amount to only $7,500.00. The doctor had testified that his charge was $250.00 for appearing as a witness and that he expected the defendant to pay that amount.

In support of his contention that the argument was erroneously prejudicial, we are cited to numerous cases such as Dodd v. Missouri-Kansas-Texas R. Co., 353 Mo. 799, 184 S.W.2d 454; Wood v. St. Louis Public Service Co., 362 Mo. 1103, 246 S.W.2d 807; Leaman v. Campbell 66 Express Truck Lines, 355 Mo. 939, 199 S.W.2d 359; Calloway v. Fogel, 358 Mo. 47, 213 S.W.2d 405. These cases all contain inflammatory remarks far beyond the applicable evidence, and we find none of them here in point. The argument went to the measure of damages, and since there is no contention that the damages awarded were excessive we find it harmless.

For the reasons stated, the judgment is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.