Glenn STOTLER and Lucile Stotler, Plaintiffs-Appellants,

v.

Lee BOLLINGER, d/b/a B & B Oldsmobile, Defendant-Respondent.

No. 34823.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 30, 1973.

McClintock & Murphy, E. L. McClintock, Jr., Flat River, for plaintiffs-appellants.

Roberts & Roberts, Farmington, for defendant-respondent.

WEIER, Judge.

In order to recover damages for personal injuries occasioned to plaintiff Glenn Stotler, he and his wife sued defendant Lee Bollinger, the proprietor of the garage where he was injured. Trial to a jury resulted in a verdict and judgment favoring defendant. Plaintiffs appeal, and we affirm the judgment.

Plaintiffs' first two contentions of error revolve around the giving of Instruction No. 6, wherein the ultimate facts of the alleged contributory negligence of Glenn Stotler were hypothesized. The instruction submitted in the disjunctive, the failure of plaintiff Stotler to keep a lookout (MAI 17.05), and the failure to give a warning after danger of collision was apparent (MAI 17.04). Plaintiffs correctly state the rule for submission of an instruction on contributory negligence when they assert it must be supported by the evidence. Any verdict directing instruction, whether it be hypothesized in a plaintiff's instruction directed to the negligence of a defendant, or a defendant's instruction directed to the negligence of a plaintiff, must be supported by the evidence. MAI 1.02, Committee's Comment, p. 7; MAI 17.02, Notes on Use; Heberer v. Duncan, 449 S.W.2d 561, 563 [4] (Mo. banc 1970); Shelton v. Bruner, 449 S.W.2d 673, 676 [1] (Mo.App.1969). In considering whether the instruction is supported by the evidence, the evidence is considered in the light most favorable to the prevailing party. Heberer v. Duncan, *supra*, p. 562 [2]. And the evidence submitted by the opposite party is disregarded unless it tends to support the submission. Rickman v. Sauerwein, 470 S.W.2d 487, 489 [1] (Mo.1971).

A review of the evidence, however, indicates that the jury could have found and inferred that the plaintiff, Glenn Stotler, was contributorially negligent. Stotler had brought his automobile to the garage to have the horn on his car repaired. He left the car and walked inside the repair shop to look for the proprietor. He talked briefly to Jake Wells, an employee, behind a car that Wells told him he was going to move out of the garage. Wells then turned around, got into the car, started up the engine which could easily be heard across the garage, and after putting the car in reverse, backed it very slowly at one to two miles per hour. When another employee hollered at him, Wells stopped the car after he had backed a total distance of ten or twelve feet. Wells stopped about one foot after the warning. He got out, found Stotler on the floor and helped him up. Instead of going to the office where Wells had indicated Stotler might find the proprietor, the plaintiff testified that he stopped to read an overhead sign, and did not notice the car backing toward him. The next thing he knew he was falling.

Plaintiff had received a warning from Wells that the car was to be backed out. He knew where the car was situated, and if he had looked to the right, according to his own testimony, he could have seen the car. Thus he had the opportunity to observe the danger before the car hit him. Considering the maximum backing speed at two miles per hour, the car would have

been traveling at approximately three feet per second. After hitting plaintiff, the car stopped with its rear bumper at his feet. It would have taken a total of three to four seconds to reach plaintiff. Using reaction time of ¾ second (Schneider v. Dannegger, 435 S.W.2d 416, 418 [4] (Mo.App. 1968) and ordinary walking speed of between 2.9 feet and 4.4 feet per second (Immekus v. Quigg, 406 S.W.2d 298, 300 [2] (Mo.App.1966), he could have moved out of the way in about two seconds. Since there was testimony that the car had stopped within about a foot after another employee had shouted to the driver, and considering the time and distance involved, the jury could additionally have found that plaintiff could have avoided the accident by shouting a warning. The jury had evidence from which it could determine that the plaintiff had a duty to look; that he had the opportunity to avoid the danger by stepping out of the way of the backing car or by giving a warning to its driver; and that there was time and distance for plaintiff to do either or both, and thereby avoid the collision. We find no error in giving the contributory negligence instruction.

During closing argument, counsel for defendant argued to the jury that one of the treating physicians, a neuro-surgeon, had agreed with another treating physician, an orthopedist, in a diagnosis that plaintiff suffered from hypochondriasis, or a morbid concern about his health. An objection to this comment was made by plaintiff's counsel on the grounds that there was no testimony in the record that the neuro-surgeon had ever said the man was a hypochondriac. The court stated that it was impossible for it to remember all of the testimony and that "[w]e must take his statements in good faith", referring to the statements of counsel for the defendant. Counsel for defendant then commented to the jury that had the neuro-surgeon's diagnosis been anything else, the plaintiff would have brought him to court to testify. To this last statement, counsel for plaintiff objected on the grounds that he was equally available to defendant.

■■ A review of the evidence indicates that during the cross-examination of the orthopedic surgeon, he had stated that his examination resulted in a diagnosis of hypochondriasis. Later, during the same cross-examination, in response to a question from plaintiff's counsel, the same surgeon testified that the neuro-surgeon agreed with him 100% on the nature of the plaintiff's problems. No objection was raised to this response. Obviously, a logical inference from this testimony was that the neuro-surgeon also believed that the plaintiff was a hypochondriac. Such an inference could, therefore, be argued to the jury. As to the comment by the court, no objection was made to the comment at the time, and no basis for error was preserved in the motion for new trial. Even if the remark was improper, and under the circumstances we do not consider that it was, there are no grounds for our consideration of it at this time. Rule 79.03 V.A.M.R.

■■ Plaintiffs finally assert that the court's overruling of the objection to the comment on the plaintiff's failure to call the neuro-surgeon was error. By his comment, defendant's counsel inferred that the neuro-surgeon's testimony would have been unfavorable to plaintiff. Again, plaintiffs' motion for new trial did not raise this objection. Assuming that it was properly raised, however, we would have to rule against the contention. The failure of an opposing party to put on a witness is the proper subject of comment by counsel in closing argument unless the witness is equally available to both parties. Williams v. Ricklemann, 292 S.W.2d 276, 283 [12–14] (Mo.1956). It is proper for counsel to comment on the failure of the opposing party to call as witnesses, treating and examining physicians of that party. Aubuschon v. Witt, 412 S.W.2d 136, 140 [5] (Mo.1967); Lineberry v. Robinett, 446 S. W.2d 481, 484 [4] (Mo.App.1969).

■■ The final contention urged by plaintiffs is the failure of the court to sustain plaintiffs' motion for a new trial

based on discovery of new evidence. The supplemental motion for new trial and the affidavit to support it concerns an additional employee of the defendant who saw the accident occur. The requirements that must be met in order for a trial court to grant a new trial because of newly discovered evidence are fully set forth in Gehner v. McPherson, 430 S.W.2d 312, 316 [8] (Mo.App.1968). We have reviewed the motion and the affidavit of the proposed witness. By considering it with the evidence adduced, we have concluded that the testimony of the proposed witness failed to meet the requirements of *Gehner* in that the new evidence would be merely cumulative and would add nothing new to the issue of contributory negligence, which the plaintiffs admit was the issue upon which the jury decided the case.

The judgment is affirmed.

DOWD, C. J., and SIMEONE, J., concur.