Eula GRUHALA, Plaintiff-Respondent.

v.

Bee LACY, D/b/a Mineral Area Realty,
Defendant-Appellant.

No. 38068.

Missouri Court of Appeals,
St. Louis District,
Division Three.

· Nov. 8, 1977.

Colson & Wagner, David L. Colson, Farmington, for defendant-appellant.

Charles W. Medley, Farmington, for plaintiff-respondent.

HERBERT LASKY, Special Judge.

This appeal arises from a suit for breach of contract predicated upon the employer's refusal to pay her employee real estate commissions claimed due and upon the employer's alleged interference with her employee's performance of contractual duties. The jury returned a verdict for plaintiff awarding $6,370.50 in damages and interest. Defendant appeals from this judgment. We affirm.

Plaintiff was employed by defendant, a real estate broker, doing business as Mineral Area Realty. Under the terms of the employment agreement plaintiff, a licensed real estate agent, was to receive 25% of the commission earned by the realty company for the sale of any property upon which she had procured a listing and an additional 25% if she was responsible for the sale. Plaintiff claimed at trial that she was entitled to a listing and a sales commission on two parcels of property which shall be referred to as the Key and Morgan properties. Plaintiff further claimed that defendant usurped her opportunity to negotiate with a prospect, whom she had developed, for the sale of a third parcel of land which shall be referred to as the Smith property. The jury found for plaintiff on all three counts.

With respect to the Key and Morgan transactions defendant's allegations of error on appeal concern only the wording of the verdict directing instructions and not the factual basis for the jury's finding. Further recitation of the specific facts surrounding these transactions is unnecessary.

■■■ Defendant in the points relied on section of her brief has raised numerous allegations of error regarding the verdict directing instructions. The majority of these points, however, are wholly inadequate as they are not in compliance with Rule 84.04(d) V.A.M.R. Most are no more than abstract statements of law which fail to state concisely wherein and why the instructions are erroneous. As such they preserve nothing for appellate review. *Lee v. Rolla Speedway, Inc.,* 539 S.W.2d 627 (Mo. App.1976); *Barber v. M. F. A. Milling Co.,* 536 S.W.2d 208 (Mo.App.1976); *Speicher v. Dunn,* 530 S.W.2d 45 (Mo.App.1975). This court has no duty to seine through either the argument portion of appellant's brief or the transcript to ascertain the "wherein and why" of the claimed error. *Bell v. Bell,* 538 S.W.2d 733 (Mo.App.1976); *Cole v. Cole,* 516 S.W.2d 518 (Mo.App.1974). "While other violations of briefing rules sometimes can be easily overlooked, defective points relied on cannot. More precision is required in the area because reviewing courts want to be sure they are deciding the case on the issue the appellant is trying to raise." Weier & Fairbanks, *Why Write a Defective Brief? Give Your Client a Chance on Appeal,* 33 J.Mo.Bar 79, 88 (1977). When counsel fails to point out clearly and specifically the focus of his complaint, he abrogates his duty as advocate and thrusts that responsibility upon the court. It is not fair to the opposing party for us to accept such responsibility. The following statement of Judge Lamm continues to be apposite:

"The rules of appellate practice in hand are simple and plain. They fill no office

of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure."

*Sullivan v. Holbrook*, 211 Mo. 99, 109 S.W. 668, 670 (1908).

Though we decline to rule on the merits of the majority of defendant's claims of error we will nevertheless, ex gratia, review the two points which arguably meet the requirements of Rule 84.04(d). The verdict directing instruction for the Key transaction is as follows:

"Your verdict must be for Plaintiff, on Count I, if you believe:

First: Defendant employed Plaintiff as a real estate salesperson and agreed to pay Plaintiff 25% of any commission received by Defendant on sales of real estate which had been listed for sale as a direct result of Plaintiff's efforts and 25% of any commission received by Defendant for sales of property sold as a direct result of Plaintiff's efforts, and

Second: The Key farm was listed with Defendant's agency as a direct result of Plaintiff's efforts or the Key Farm was sold by Defendant's agency as a direct result of Plaintiff's efforts, and

Third: Defendant received a commission as a result of the sale of the Key farm, and

Fourth: Defendant has not paid plaintiff the amount due her as a result of the sale of the Key farm."

The instruction given for the Morgan transaction is in all material respects the same. Defendant argues that this instruction "failed to properly submit the issue of the plaintiff's damage." The gravamen of defendant's complaint seems to be that the instruction should have included a fifth paragraph requiring the jury to find that "Plaintiff has been thereby damaged."

■ It is true that when there is a disputed issue as to whether plaintiff has suffered any actual damages as a result of defendant's breach, such a paragraph is required. Thus, for instance, when computing damages for breach of a construction contract, which are measured by the difference between the contract price and the cost to complete construction, a specific finding of damage to plaintiff is necessary because the cost to complete could exceed the contract price. See *Beuc v. Morrissey,* 463 S.W.2d 851 (Mo. banc 1971); *Veterans Linoleum and Rug, Inc. v. Tureen,* 432 S.W.2d 372 (Mo.App.1968). Or where, as in *Forsythe v. Starnes,* 554 S.W.2d 100 (Mo. App.1977), there is a counterclaim by defendant and the jury is requested to return only one verdict, the jury must be required to find that plaintiff was damaged by the breach. This is necessary, because if the counterclaim exceeds the plaintiff's claim there will be no net damage to plaintiff. The court in *Forsythe v. Starnes,* supra, at 107, went on to say, however, that "the jury, in the event of a retrial, should return more than one verdict. If this is done, it will not be necessary to include a finding of damage to plaintiff in plaintiff's verdict director because the damage due to defendant's refusal to pay is obvious and need not be submitted   .   .   ."

■ The damages here are equally obvious. If the jury found, as it was required to do by the instruction submitted, that defendant had incurred an obligation to pay plaintiff commissions under the terms of the employment agreement, but did not do so, there can be no question that plaintiff was damaged as a result. There was no counterclaim by defendant, and the measure of damages was solely the contract price. Under these circumstances the verdict directing instructions relating to the Key and Morgan transactions properly submitted the issue of plaintiff's damages. See *S. P. Personnel Assoc. v. Hospital B. & E. Co.,* 525 S.W.2d 345 (Mo.App.1975);

*Bomson v. Electra Mfg. Co.,* 402 S.W.2d 7 (Mo.App.1966).

Defendant also argues that the verdict directing instruction relating to the Smith transaction was improperly submitted to the jury because there was insufficient evidence to support a finding that defendant prevented plaintiff from carrying out her duties under the employment contract. That instruction is as follows:

"Your verdict must be for Plaintiff on Count II, if you believe:

First: Defendant employed Plaintiff as a real estate salesperson and agreed to pay Plaintiff 25% of any commission received by Defendant on sales of real estate which had been listed for sales as a direct result of Plaintiff's efforts and 25% of any commission received by Defendant for sales of property sold as a direct result of Plaintiff's efforts, and

Second: While Plaintiff was attempting to sell the Smith farm to Paul Price, Defendant prevented Plaintiff from carrying out her duties, and

Third: Defendant received a commission as a result of the sale of the Smith farm to Paul Price, and

Fourth: Plaintiff was damaged by Defendant's actions."

It is well settled that the issues submitted for the jury's determination in an instruction must be supported by evidence from which the jury could reasonably find such issues. *Dickey Co., Inc. v. Kanan,* 537 S.W.2d 430 (Mo.App.1976); *Stotler v. Bollinger,* 501 S.W.2d 558 (Mo.App.1973). In considering whether an instruction is supported by the evidence we view the evidence, along with all reasonable inferences which are fairly derivable therefrom, in the light most favorable to the party offering the instruction. Any conflicting evidence offered by the opposing party is disregarded. *Williams v. Christian,* 520 S.W.2d 139 (Mo.App.1974); *Stotler v. Bollinger,* supra.

Under the foregoing standard, the evidence supported a finding that Walter Smith listed his farm for sale with the defendant's real estate agency and that defendant placed advertisements in various newspapers attempting to sell the property. The ultimate purchaser of the Smith farm, Paul Price, upon seeing the farm advertised, telephoned the Mineral Area Realty office and spoke with plaintiff. In her conversation with Price, plaintiff informed him of the acreage, the price and the financing arrangements. Plaintiff then made an appointment to meet with Price the following Saturday to show the farm. When Price arrived at the office, plaintiff was on her way to meet him. Defendant, however, intercepted Price and made the sale before plaintiff was able to meet him. Defendant paid no commission to plaintiff even though Price's appearance at the office to see the Smith farm was a direct result of plaintiff's efforts.

In light of this evidence the jury could, and did, find that defendant's interception of Price usurped plaintiff's opportunity to perform her duties as a real estate agent and prevented her from making a sale to Price, thereby depriving her of substantial commission. The law is settled that where one party to a contract forbids or interferes with the performance by the other party to an extent which amounts to a refusal to perform, the party interfered with may recover as if the contract had been performed. *Reid v. Kelly,* 300 S.W.2d 542 (Mo.App.1957). There was sufficient evidence to raise an issue as to defendant's interference with plaintiff's contractual duties. The verdict directing instruction was properly submitted.

The judgment is affirmed.

GUNN, P. J., WEIER and KELLY, JJ., and ROBERT G. J. HOESTER, Special Judge, concur.