**Hazel CELLA, Plaintiff-Appellant,**

v.

**EVANGELICAL DEACONESS SOCIETY OF ST. LOUIS, Defendant-Respondent.**

No. 39963.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 17, 1979.

Norman A. Selner, Clayton, for plaintiff-appellant.

Anthony F. Vaiana, St. Louis, for defendant-respondent.

CRIST, Judge.

Personal injury case. The jury found for the defendant. Plaintiff appeals on the

ground, among others, that the contributory negligence instruction was not supported by sufficient evidence. We agree.

Plaintiff was admitted to defendant hospital on May 20, 1974. On May 31, 1974, she was placed in a private room. She was not permitted to use the bathroom facilities because of the risk of infection by other patients. She was furnished with a portable commode.

At about 3:00 o'clock in the morning on June 2, 1974, plaintiff awoke feeling the need to urinate. She got out of bed, and walked to the portable commode which was near the foot of the bed. She stood in front of the commode, with her back to it, and attempted to sit down. She testified that as she attempted to sit down upon the commode, "[i]t started throwing me forward and tipping me forward to the right," and " . . . I tried to hold on to something, and I just could not grip onto anything and it threw me to the floor." Her right side struck the floor. As the result of the fall, she was required to undergo surgery for the insertion of a prosthesis in her right hip. Plaintiff introduced evidence showing the instability of the portable commode, and defendant offered evidence showing the stability of the commode.

Plaintiff properly complains about the giving of the following instruction at the behest of the defendant:

"INSTRUCTION NO. 6

Your verdict must be for the Defendant if you believe:

First, Plaintiff either:

Failed to turn on a light in addition to the night light before attempting to use the portable commode, or

Failed to call for assistance before attempting to use the portable commode at night while only a night light was on; and

Second, Plaintiff's conduct, in any one or more of the respects submitted in Paragraph First, was negligent; and

Third, such negligence of Plaintiff directly caused or directly contributed to cause the injuries and damage Plaintiff may have sustained."

The instruction was prejudicially erroneous in that there was no evidence showing that the amount of, or lack of, light had any proximate relationship to the injury sustained by plaintiff.

Defendant contends that submission is warranted by plaintiff's testimony that when she awoke in the middle of the night the only source of light generated from within her room was a night light located on the wall, the door to her room was closed and she did not turn on any other lights before attempting to use the portable commode. Although the jury could find from this evidence that there was *some* light in the room, there is *no* evidence which could support a finding that the light was insufficient for the purposes intended.

■ In determining the submissibility of an instruction, the evidence together with all reasonable inferences, is considered in the light most favorable to the party offering the instruction. The evidence submitted by the opposite party is disregarded unless it supports the submission. *Stotler v. Bollinger*, 501 S.W.2d 558, 560 (Mo.App. 1973); *Gruhala v. Lacy*, 559 S.W.2d 286, 289 (Mo.App.1977); *see Heberer v. Duncan*, 449 S.W.2d 561, 563 (Mo.1970).

■ In order for the issue of contributory negligence to be submissible, there must be evidence "from which the jury could find that [the alleged contributory negligence] was a *proximate, contributing* cause of the [injury]." *Heberer v. Duncan, supra,* at 563 (emphasis added); *cf. Vanasse v. Plautz*, 538 S.W.2d 928, 932 (Mo.App. 1976) (affirming a verdict for plaintiff in a court tried personal injury suit despite plaintiff's contributory negligence in failing to properly light her motorized wheel chair pursuant to Sections 307.040 and 307.115, RSMo. 1969, because the trial court could reasonably conclude that the absence of lights did not proximately cause plaintiff's injuries).

Having ruled that the giving of the contributory negligence instruction was preju-

dicially erroneous, we do not deem it necessary to reach the other points briefed by plaintiff.

The judgment is reversed and remanded for new trial.

DOWD, P. J., and SATZ, J., concur.