MARTIN INMAN'S ADMINISTRATRIX, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 6, 1911. Opinion Filed May 2, 1911.

1. STREET RAILWAYS: Injury to Driver of Vehicle: Failure to Sound Gong: Sufficiency of Evidence: Evidence. In an action against a street railway company for injuries sustained in a collision between a street car and a wagon driven by plaintiff, the answer of a witness in response to the question, "Do you have any recollection as to whether a bell was sounded?" "I do not," is not evidence of noncompliance with the requirement to give warning of the approach of a car by ringing a bell.

2. ———: ———: **Speed of Car: Sufficiency of Evidence:**
**Evidence.** In an action against a street railway company for
injuries sustained in a collision between a street car and a
wagon driven by plaintiff, evidence by one, who, on cross-exami-
nation, disclaimed being a speed expert, that, "in his opinion
and from his best judgment he thought the car was going at
twelve miles an hour" and that he was positive it was "running
fast" was sufficient to warrant the submission of the question
to the jury as to the speed of the car.

3. ———: ———: **Failure to Stop Car: Sufficiency of Evidence.**
In an action against a street railway company for injuries sus-
tained in a collision between a street car and a wagon driven
by plaintiff, where there was evidence that the day was clear
and that there was nothing to obstruct the view between the
approaching car and plaintiff's wagon, and that, when plaintiff
turned his wagon toward the track, the car was from ninety to
one hundred feet from it and could have been stopped in about
thirty-five feet, it was for the jury to determine whether the
motorman could and should have stopped the car in time to
avoid the collision, by the exercise of ordinary care, and with
safety to those on the car.

Appeal from St. Louis City Circuit Court.—*Hon. Matt
G. Reynolds,* Judge.

AFFIRMED.

*Morton Jourdan* and *T. E. Francis* for appellant;
*Boyle & Priest* of counsel.

(1) Plaintiff was not entitiled to recover under
the assignment charging failure to warn him of the car's
approach, because there was no evidence of such failure.
McCreery v. Railway Company. 221 Mo. 18. (2) Plain-
tiff was not entitled to recover under the assignments
that the car was operated at negligent speed, both at
common law and under the ordinance, because—(a)
The only testimony as to the car's speed was a mere
guess. McCreery v. Railway Company, 221 Mo. 18. (b)
There was no showing that if the car had been running
at the maximum ordinance rate—two miles per hour
less than it was guessed to have been running—the
collision would not nevertheless have occurred, and
therefore, no causal connection was established, as is es-

sential to a recovery. Bluedorn v. Railroad, 121 Mo. 258; Evans Brick Co. v. Railroad, 17 Mo. App. 624; Molyneaux v. Railroad, 81 Mo. App. 25; Schmidt v. Transit Co., 140 Mo. App. 182. (3) Plaintiff was debarred from recovering under either of the assignments of primary negligence because of his own contributory negligence. Stotler v. Railroad, 204 Mo. 619; Cole v. Railway, 121 Mo. App. 605; Reno v. Railroad, 180 Mo. 481; Walker v. Railroad, 193 Mo. 480. (4) Plaintiff was not entitled to recover under the last chance doctrine, since there was no proof (beyond a mere guess) as to the distance the car was from the wagon when plaintiff drove upon the track, and no proof (beyond a mere guess) as to the rate of speed the car was traveling, and there was, therefore, nothing upon which to base an inference that, after the danger became apparent, the car could have been stopped in time to have averted the collision, as is essential. Paul v. Railroad, 152 Mo. App. 577; Dey v. Railroad, 140 Mo. App. 461; Zurfluh v. Railroad, 46 Mo. App. 636; McGee v. Railroad, 214 Mo. 530, 541. (5) The estimates as to the distance the car was from plaintiff when he drove upon the track and as to the speed of the car were mere guesses, possessing absolutely no probative force whatever. McCreery v. Railroad, 221 Mo. 18.

*Jamison & Thomas* for respondent.

(1) In considering a demurrer to the evidence because of its insufficiency, all the evidence introduced by plaintiff is admitted to be absolutely true, and the plaintiff is entitled to the benefit of every reasonable inference to be deduced therefrom. Baird v. Citizens' Ry. Co., 146 Mo. 265; Buesching v. St. Louis Gas Light Co., 73 Mo. 219; Baxter v. St. Louis Transit Co., 103 Mo. App. 597; Meyers v. St. Louis Transit Co., 99 Mo. App. 363; Pauck v. St. Louis, Etc., Prov. Co., 159 Mo. 467; Buckley v. Kansas City, 156 Mo. 16; Steube v. Iron & Foundry Co., 85 Mo. App. 640; Shermerhorn Bros. &

Co. v. Herold, 81 Mo. App. 461; Rine v. Railroad, 100 Mo. 228; Schafstette v. Railroad, 175 Mo. 142. (2) When it is shown that the car was running at a prohibited rate of speed and the car could have been stepped before it struck plaintiff, this tends to show negligence *per se,* and the reasonable inference from such evidence is, had the car been running at a lawful rate of speed, the collision would not have occurred. Kolb v. St. Louis Transit Co., 102 Mo. App. 143. (3) The evidence offered by the plaintiff was amply sufficient to entitle him to have his case submitted to the jury, and the trial court, therefore, committed no error in setting aside the nonsuit. Hanbeide v. St. Louis Transit Co., 104 Mo. App. 323; Sonnenfeld Millinery Co. v. Railroad, 59 Mo. App. 668; Cooney v. Railroad, 80 Mo. App. 226; Meyers v. St. Louis Transit Co., 99 Mo. App. 303; Schafstette v. Railroad, 175 Mo. 142; Gebhardt v. St. Louis Transit Co., 97 Mo. App. 373; Rine v. Railroad, 100 Mo. 228; Wallack v. St. Louis Transit Co., 125 Mo. App. 160; Sweeney v. Railroad, 150 Mo. 385.

REYNOLDS, P. J.—Martin Inman, driving west in his buggy between the north rail of defendant's north track along Wash street and the curb, in St. Louis, when about one hundred feet west of the intersection of Sixteenth street with Wash, found a surrey standing in the street against the north curb, the surrey, about four feet nine inches wide, facing to the west. To continue on his way and pass the surrey it was necessary to turn off and drive between the surrey and the rails or track of defendant's road. His buggy was of the same width as the surrey, and the space between the curb and the north rail was about 10 feet. Before turning toward the track Mr. Inman looked through the window which was in the rear curtain of his buggy to see if any car was following. Seeing none he turned on toward the track and just as the left forewheel of his buggy reached the north car track, a car, operated by defendant, struck

his buggy, broke the wheel, bent the axles, broke off the "reaches," as it is called, that is the coupling pole that coupled the hind and front end of the buggy together, and plaintiff was thrown out and cut, bruised and shaken up, being unconcious for awhile. He brought this action, charging violation of the "speed ordinance," and the "vigilant watch ordinance" of St. Louis, and also invoking the "last chance" doctrine, charging on this, that by the exercise of proper and reasonable care defendant's agents and servants could have stopped the car and avoided the collision with the vehicle driven by him but that the motorman of the car negligently and carelessly failed so to stop in time to avoid the collision with his buggy.

The answer was a general denial, with a plea of contributory negligence. This the reply denied.

At the trial before the court and jury, while there was no evidence introduced showing any violation of the "vigilant watch" ordinance, there was some evidence that the speed at which the car was being run was 12 miles an hour and that the track was clear between plaintiff's buggy and the oncoming car; that when plaintiff drove his buggy on the car, track the car was from 100 to 200 feet east of him and that it was equipped with appliances, by the use of which it could have been stopped, if going at the rate of twelve miles an hour, in its own length or, as a witness said, in thirty-five feet, which is about four feet less than the length of the car. At the close of plaintiff's evidence defendant interposed a demurrer. The trial court sustained this and plaintiff took a nonsuit with leave to move to set it aside. That motion being filed in due time, was sustained by the court on the assigned ground that the court had erred in sustaining defendant's demurrer to the evidence. From this defendant duly perfected its appeal to this court. Pending the appeal Mr. Inman died and the cause was duly and properly revived in the name of his administratrix.

It is urged by learned counsel for appellant that on the evidence in the case plaintiff was not entitled to recover under the assignment charging failure to warn him of the car's approach, because, as it is alleged, there is no evidence of such failure. This assignment is well made. All that appears as to sounding a bell was this (question to witness) : "Do you have any recollection as to whether a bell was sounded?" Answer : "I do not." This is no evidence—not even negative (Stotler v. Railroad, 200 Mo. 107, 98 S. W. 509)—of non-compliance with the requirement to warn by ringing a bell.

The second, third, fourth and fifth assignments may be considered together, as they all go to failure of proof of actionable negligence by defendant and to proof of the contributory negligence of the plaintiff below.

The ordinance fixes the maximum speed at the point at which this accident occurred at ten miles an hour. There was evidence from which the jury had a right to draw the inference that this car, at the time of the accident, was going at the rate of twelve miles an hour. It is true that the witness who testified to this disclaimed being an expert on the rate of speed at which vehicles were going, doing this under cross-examination, but he consistently and distinctly testified in his direct examination and to some extent in his cross-examination even, that in his opinion and from his best judgment he thought the car was going at twelve miles an hour. He was positive that it was "runing fast." His testimony was given in the presence of the jury and he frankly and fully stated his experience and means of judging and exactly what he meant by his estimate. It was for the jury to determine what weight should be given to his testimony as to this rate of speed. With that rate of speed in evidence there was testimony that the car could have been stopped within 35 feet, as before stated, or in a distance not exceeding 35 feet. Whether that evidence was true, whether the witness who gave it was entitled to credit, were matters for the jury. There

.was evidence from which the jury had a right to infer
that the day was clear, that there was an unobstructed
track, nothing to obstruct the view between the approach-
ing car and this buggy, and that when the buggy turned
in toward the track the car was ninety or one hundred
feet east of it, and that it could have been stopped in
about thirty-five feet. Upon this evidence it was for
the jury to determine whether, with the power at his
command and the appliances with which the car was
equipped, the motorman running the car could and
should have stopped in time to have avoided the acci-
dent, by exercising ordinary care to that end with
safety to those on the car. If he could, then under the
last chance doctrine, it was his duty to have done so and
avoided the accident. If he did not, defendant is liable
for the consequences. We hold on a reading of all the
testimony in this case, that the learned trial court was
justified in setting aside the order sustaining the de-
murrer to the evidence and that its action in granting
a new trial was right. That judgment is affirmed. *Nor-
toni* and *Caulfield, JJ.*, concur.

