Patricia J. BAKER and Michael A. Baker, Plaintiffs-Appellants,

v.

Norma BRINKER, Executrix of the Estate of Walter Brinker, Defendant-Respondent.

No. 40328.

Missouri Court of Appeals, St. Louis District, Division Four.

July 24, 1979.

LeRoy Crouther, Jr., St. Louis, for plaintiffs-appellants.

Donald Brown, St. Louis, for defendant-respondent.

DOWD, Presiding Judge.

This case was an action for damages arising from personal injuries allegedly suffered by plaintiff when her automobile collided with a pickup truck driven by defendant's decedent, Walter Brinker. Trial to a jury resulted in verdict and judgment in favor of defendant. Plaintiff Patricia Baker appeals, alleging two instructional errors. Judgment is reversed and cause remanded for new trial.

Plaintiffs' petition alleged that on December 10, 1970, while Patricia was operating an automobile northwardly on New Halls Ferry Road at its intersection with Parker Road, Walter Brinker negligently failed to keep a careful lookout, failed to have his vehicle under control, operated his vehicle at an excessive speed and failed to stop, slacken his speed, turn or swerve to avoid collision, thereby causing the collision and her injuries. Mr. Brinker was driving westward on Parker Road, which was controlled by a stop sign. He died prior to trial, but his death was not a result of the collision. The executrix of his estate was substituted as party defendant.[1]

At trial defendant invoked the Dead Man's Statute, Sec. 491.010 RSMo 1969, thereby preventing plaintiff from testifying to the circumstances surrounding the collision. However, she did testify that on the day of the accident she was returning home from classes at the University of Missouri at St. Louis. She was driving her parents' car, which was in excellent condition, and she was familiar with the operation of the vehicle. She had driven two or three miles on New Halls Ferry Road before reaching its intersection with Parker Road, where the collision occurred. Upon impact plaintiff stated her head hit the windshield, her right arm hit the steering wheel and her right knee hit the dashboard, damaging the ashtray. Dr. Charles B. Powell testified to the extent of plaintiff's injuries to her knee.

An officer of the St. Louis County Police Department, responded to the radio dispatch of the accident. He testified that the accident occurred at midday, that there were no obstructions on New Halls Ferry Road or on Parker Road to obscure the vision of either driver, that the roads were dry and that the speed limit on both roads was thirty-five miles per hour. The officer took a statement from plaintiff and from Mr. Brinker. Mrs. Baker stated that she was driving north on New Halls Ferry Road when she observed Mr. Brinker's vehicle "start again". But, she stated it was too late to stop to avoid a collision even though she applied her brakes. Mr. Brinker's statement was that he entered the intersection across her lane in order to make a left turn onto New Halls Ferry Road to travel south. He further stated he "pulled past the stop sign" [on Parker Road] to stop, started again before he saw plaintiff's automobile and then collided with it. The officer testified that he determined the point of impact of the vehicles by finding the point at which the skid marks of each vehicle intersected and by finding the point where debris had been knocked loose from the vehicles. This point was in the center lane of north-bound New Halls Ferry Road near the line separating the center lane from the curb lane. Plaintiff's automobile left fifty-four feet of skid marks; Mr. Brinker's truck left five feet of skid marks. The front quarter panel and headlight, passenger side of plaintiff's automobile, was damaged. The front quarter panel and headlight, driver's side of Mr. Brinker's truck, was damaged.

An independent witness, Barbara Hannis, testified that she was operating a vehicle northwardly on New Halls Ferry Road approximately one-half to one car length behind plaintiff's automobile and in the curb lane. Both her automobile and that of plaintiff were traveling thirty miles per hour. She first observed Mr. Brinker's pickup truck when it was one-half car

---

1. The trial court sustained defendant's motion to dismiss Count II of the petition which presented Michael Baker's claim for damages for loss of consortium. Further references in this opinion to plaintiff will be solely to Patricia Baker.

length from the intersection. She testified that the truck failed to stop at the stop sign on Parker Road and collided with plaintiff's automobile. She stated that plaintiff tried to stop and swerved her vehicle to avoid a collision, but it was to late to do so. When asked on cross-examination if plaintiff honked her horn, Ms. Hannis replied, "I wouldn't recall that."

Plaintiff's first point on appeal is that the trial court erred in giving Instruction No. 4, defendant's contributory negligence instruction, because there was no substantial evidence to support it. Instruction No. 4 follows:

"Your verdict must be for the defendant whether or not Walter Brinker was negligent if you believe:

First, plaintiff knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have:

sounded a warning, but plaintiff failed to do so; and

Second, plaintiff's conduct as submitted in paragraph First, was negligent; and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained."

(MAI 32.01, 17.04 modified).

It is well settled that any issue submitted to the jury in an instruction must be supported by evidence from which the jury could reasonably find such issue. *Gruhala v. Lacy*, 559 S.W.2d 286, 289[5] (Mo. App.1977). In considering whether or not the instruction is supported by evidence the court views the evidence and reasonable inferences therefrom in the light most favorable to the party offering the instruction. *Underwood v. Crosby*, 447 S.W.2d 566, 570[6] (Mo. banc 1969).

The court has read the entire transcript and finds that the sole reference to the sounding of plaintiff's horn was presented in the cross-examination of Ms. Hannis. When asked if plaintiff honked her horn, Ms. Hannis responded, "I wouldn't recall that." The record shows that Ms. Hannis was asked a series of questions on cross-examination and expressed understandable difficulty in remembering the details of an accident that had occurred over seven years prior to trial. She offered testimony concerning those facts she could remember and candidly admitted a failure to recall other facts. In this context, the reasonable interpretation of Ms. Hannis' response, "I wouldn't recall that," is a failure to remember whether or not plaintiff sounded her horn. Any reply which is neither negative or positive, such as the reply in this case indicating a lack of memory, has no probative value. See, *Globe Automatic Sprinkler Co. v. Laclede Packing Co.*, 93 S.W.2d 1053, 1056[1] (Mo.App.1936) where two witnesses testified that they did not remember or did not recall the information and the court held that to "accord probative force to such evidence as this would be to invite the jury to indulge in the wildest sort of speculation." Accord, *Haire v. Stagner*, 356 S.W.2d 305, 311 (Mo.App.1962) which goes farther in stating that disclaimers of recollection are no substitute for evidence; *Little v. Manufacturers Ry. Co.*, 123 S.W.2d 220, 222 (Mo.App.1939); *Inman's Adm'x v. United Rys. Co. of St. Louis*, 157 Mo.App. 171, 137 S.W. 3, 4[1] (1911). Since the record before us reveals no evidence of plaintiff's failure to sound a horn, other than Ms. Hannis' reply indicating a lack of recollection, we find that there was no evidence to support the submission of Instruction No. 4, the contributory negligence instruction, and that it was erroneously submitted.

Though the first point is dispositive, the court will also address plaintiff's contention that her tendered Instruction "A" was erroneously refused, as this instruction may be tendered on re-trial. We find no error in the court's refusal to submit this instruction.

Instruction "A" followed MAI 31.07 directing a verdict for plaintiff on the issue of liability. The instruction states:

"Under the law, the defendant is liable to plaintiff for damages in this case. Therefore, you must find the issues in

favor of plaintiff and award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any damages you believe she sustained and is reasonably certain to sustain in the future as the direct result of the occurrence mentioned in the evidence."

The Notes on Use for MAI 31.07 caution that the instruction should be given "[only] in those rare cases where defendant is liable as a matter of law." In *Saupe v. Kertz*, 523 S.W.2d 826, 829[2] (Mo.1975) the court stated that a directed verdict on the issue of liability is proper only where defendant in his pleadings or in open court admits or establishes plaintiff's claim. Here, defendant's pleadings deny liability. Opening statements and closing arguments were omitted from the transcript, but there is nothing else in the record indicating an admission of liability by defendant.

Plaintiff argues that *all* the evidence proved Mr. Brinker violated the traffic sign, and this violation proximately caused plaintiff's injury. On the contrary, plaintiff's own case presents a conflict of evidence on the issue of liability stemming from Mr. Brinker's failure to stop. The officer testified that he took a statement from plaintiff and from defendant's decedent. Mr. Brinker's statement was that he pulled past the stop sign, stopped, then started into the intersection where he struck plaintiff's automobile. Plaintiff's statement was that she saw Mr. Brinker's truck "start again," applied her brakes but could not stop completely before the collision. The reasonable implication of plaintiff's words "start again" is that Mr. Brinker's vehicle was moving, *stopped*, then started moving again. This evidence by plaintiff's witness was contradicted by Ms. Hannis, also plaintiff's witness, who testified she observed Mr. Brinker's truck failing to stop at the stop sign on Parker Road.

In addition to this contradictory evidence on whether or not Mr. Brinker negligently failed to stop, the evidence of causation was disputed. Plaintiff stated she suffered a bruised right knee when it hit the dashboard during the collision. She sought medical attention one month after the accident, when Dr. Charles Powell prescribed aspirin. She returned for additional treatment twice in the seven years between the collision and trial,[2] but no medication was prescribed. She testified that she injured the same knee in a different automobile accident just over one year prior to the collision here.

Dr. Charles Powell, an orthopedic surgeon, stated that plaintiff suffered palpable crepitation and chondromalacia (roughening of knee cartilage) which was caused when plaintiff's knee struck the dashboard. Defendant's medical expert, Dr. Belmont Thiele, stated that he examined plaintiff one year prior to trial and found no indication of chondromalacia or of any other injury to plaintiff's right knee. Both physicians examined plaintiff again during trial recesses, and both then reiterated their earlier medical evaluations.

Where reasonable minds could draw different conclusions from the facts, the questions of negligence and causation are for the jury. *Saupe v. Kertz, supra,* at 830[3] and cases collected at Negligence, Key 136(9, 10, 14), Mo. Digest. From the disputed facts here, it can not be said that all reasonable minds would conclude defendant's decedent, Mr. Brinker, was negligent and caused plaintiff's injury. Thus, these issues were for the jury, and defendant's decedent could not be found liable as a matter of law. Plaintiff's Instruction "A", directing a verdict, was properly refused.

Judgment is reversed and cause remanded for new trial.

WEIER, C. J., and SATZ, J., concur.

---

**2.** Plaintiff visited Dr. Powell two years after the accident, and again six years after it. Trial commenced seven years after the accident.