

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

THOMAS F. McMULLAN,

     Appellant,

vs.

STATE OF MISSOURI,

     Respondent.

)
)
)
)
)
)
)
)
)
)
)

No. ED109685

Appeal from the Circuit Court of
St. Francois County

Honorable Wendy W. Horn

Filed: August 9, 2022

### Introduction

Thomas McMullan ("Movant") appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1]  In his sole point relied on, Movant contends the motion court erred by denying his motion because Plea Counsel failed to advise him of a possible trial defense before he pled guilty, rendering his plea involuntary.  He asserts he would not have pled guilty and would have proceeded to trial but for Plea Counsel's deficient performance.

We affirm.

### Factual Background

On April 11, 2019, Movant was charged with first-degree arson under section 569.040 for starting a couch fire that damaged a neighbor's trailer.[2]  At the preliminary hearing, Plea Counsel

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.
[2] All Section citations are to the Revised Statutes of Missouri (2019), unless otherwise indicated.

argued there was not probable cause to believe a felony was committed so the case should be charged as third-degree arson, a misdemeanor. Movant was present at the preliminary hearing. The court rejected Plea Counsel's argument, finding probable cause to believe Movant committed arson in the first degree. Arson in the first degree occurs when a person knowingly "damages a building or inhabitable structure, and when any person is then present or in near proximity thereto, by starting a fire or causing an explosion and thereby recklessly places such person in danger of death or serious physical injury[.]" § 569.040.1. Arson in the second degree occurs when a person "knowingly damages a building or inhabitable structure by starting a fire or causing an explosion." § 569.050.1. Arson in the third degree occurs when a person "knowingly starts a fire or causes an explosion and thereby recklessly damages or destroys a building or an inhabitable structure of another." § 569.053.1.

Following the preliminary hearing, the State offered Movant a plea to second-degree arson, with a recommended maximum punishment of four years' imprisonment. The offer would allow Plea Counsel to argue for probation.

At his plea hearing on September 20, 2019, Plea Counsel noted the amended information charging arson in the second degree under a plea agreement. At the hearing, Movant testified he understood the charge he was pleading guilty to and the range of punishment stemming from his guilty plea. He stated his plea resulted from negotiations between himself, his attorney, and the prosecuting attorney. He testified no one threatened him or promised him anything in exchange for his plea. He stated he understood his rights pertaining to trial. The plea court stated:

> [Movant], the essential elements of the charge filed against you are as follows:
>
> That you did on or about April 11, 2019, in the County of St. Francois, State of
>
> Missouri, you knowingly damaged an inhabitable structure, consisting of a

2

residential trailer home possessed by Marilyn Cunningham and located at 723

Maple Street, and you did so by starting a fire.

Movant admitted to every element of second-degree arson and the plea court found him guilty.

On November 15, 2019, the sentencing court heard arguments from both parties. The State recommended four years' imprisonment or alternative long-care treatment. Plea Counsel argued for a suspended execution of sentence. The sentencing court sentenced Movant to four years' imprisonment under section 217.362 and indicated if he successfully completed long-term drug treatment he would be released and placed on five years' probation. Following sentencing, the sentencing court examined Movant about assistance of counsel. Movant stated he had enough time to speak with Plea Counsel about pleading guilty and Plea Counsel did as he wanted her to do. He then contradicted himself, stating he planned to file for post-conviction relief. Movant said he was unhappy with the outcome but satisfied with his counsel's services.

Movant timely filed his *pro se* motion for post-conviction relief on January 21, 2020. Motion Counsel was appointed and timely filed an amended motion on August 21, 2020, alleging Plea Counsel was ineffective for failing to advise Movant of the possibility of proceeding to trial on a lesser-included offense theory of third-degree arson.

On January 22, 2021, the motion court held an evidentiary hearing, at which Movant and Plea Counsel both testified they could not remember if Plea Counsel advised Movant of lesser-included offenses. Movant testified Plea Counsel did not discuss defenses with him but discussed a possibility of probation for Movant. Movant testified he would not have pled guilty if he knew there was a chance he could have been convicted of third-degree arson at trial instead of first-degree arson.

During the hearing, Movant stated he had never been in legal trouble but later admitted he had been found guilty of several prior charges. He also testified the couch was not originally within reach of the trailer, and someone had kicked the couch toward the trailer while the couch was already on fire. Plea Counsel testified Movant could have faced life imprisonment at trial because the evidence strongly supported first-degree arson and he could have been charged as a prior and persistent offender. She advised Movant to take the offer rather than go to trial.

The motion court found Plea Counsel's testimony credible and Movant's testimony not credible. Specifically, the motion court did not believe Movant's testimony Plea Counsel failed to advise him of his defenses or that he would have gone to trial had he known of those defenses. In finding Movant not credible in his testimony regarding Plea Counsel's alleged failure, the motion court specified its decision was influenced by Movant's stated intention to file for post-conviction relief at the sentencing hearing. The motion court found while Plea Counsel could not recall whether she discussed defenses with Movant, arson in the third degree was part of "her representation" because she argued for its application at the preliminary hearing. The motion court denied Movant's motion for post-conviction relief due to Movant's failure to meet his burden of proof.

This appeal follows.

### Standard of Review

Review of a Rule 24.035 post-conviction motion denial determines only whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). A motion court's findings of fact and conclusions of law are clearly erroneous when a review of the entire record leaves a definite and firm impression a mistake has been made. *Reliford v. State*, 186 S.W.3d 301, 304 (Mo. App. E.D. 2005). The movant bears the burden of proving his post-

4

conviction claims by a preponderance of the evidence. *Copas v. State*, 15 S.W.3d 49, 54 (Mo. App. W.D. 2000). On appeal, this Court defers to the motion court's determinations of credibility, as the motion court has a better opportunity to make witness credibility judgments. *Tate v. State*, 461 S.W.3d 15, 24 (Mo. App. E.D. 2015).

**Discussion**

In his sole point, Movant contends the motion court clearly erred in denying his ineffective counsel claim because Plea Counsel failed to advise him of the possibility of proceeding to trial with a defense theory of third-degree arson, a lesser-included offense. Movant states this failure violated his rights to effective assistance of counsel and due process of law under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, sections 10 and 18(a) of the Missouri Constitution, as the failure rendered his plea involuntary, unintelligent, and unknowing.

In response, the State asserts the motion court did not clearly err because Plea Counsel acted in a competent manner and Movant failed to prove by a preponderance of the evidence he was not advised of a lesser-included offense theory. The State argues there is no prejudice from Plea Counsel's alleged failure because Movant likely would not have gone to trial as there was sufficient evidence to convict him of first-degree arson. The State also asserts a trial could have resulted in a life imprisonment sentence for Movant given his potential prior and persistent offender status, making it reasonable for Plea Counsel to advise Movant to consider a plea agreement lessening his potential punishment range.

To prevail on a claim of ineffective assistance of counsel, Movant must show: (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and (2) he was prejudiced. *Strickland v. Washington*, 466 U.S. 668,

687–88 (1984). To satisfy the first prong, Movant must establish Plea Counsel's performance fell below an objective standard of reasonableness. *Id.* at 688–89. To satisfy the second prong, Movant must show there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002) (quoting *Strickland*, 466 U.S. at 694). The motion court's judgment will be affirmed if it is sustainable on any grounds. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013).

### 1. Plea Counsel's Effectiveness

To demonstrate ineffective assistance of counsel, Movant must overcome a strong presumption Plea Counsel provided competent representation. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). To overcome this presumption, Plea Counsel's representation must have fallen below an objective standard of reasonableness. *Id.* Movant must identify specific acts or omissions of Plea Counsel that, given the circumstances, are not encompassed by the scope of professional competent assistance. *Id.* Once a guilty plea is entered, ineffectiveness is only relevant to the extent it affected "the voluntariness and knowledge with which the plea was made." *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997). "[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Id.*

Movant argues the evidentiary hearing record shows Plea Counsel did not properly advise him of a potential lesser-included offense theory. Yet, when asked at his evidentiary hearing if he discussed a lesser-included offense with Plea Counsel, Movant responded, "I don't remember any of that." Neither Movant or Plea Counsel recalled if they discussed the possibility of arguing for a lesser-included offense at trial before Movant's plea. A reply that is neither negative or positive, such as a failure to remember a specific fact, has no probative value. *Baker*

6

*v. Brinker*, 585 S.W.2d 256, 258 (Mo. App. E.D. 1979). While Movant asserts he would not have pled guilty had Plea Counsel informed him of the possibility of going to trial asserting third-degree arson as a defense, the motion court did not believe Movant. Movant provided no credited evidence showing Plea Counsel failed to discuss the possible defense with him.

What is clear from the record is Plea Counsel obtained a plea offer recommending a maximum of four years' imprisonment in the Department of Corrections. The sentencing court also provided Movant the possibility of long-term drug treatment, which, if successfully completed allowed for the possibility of parole with a five-year probationary period under section 217.362. An able attorney will assist his or her client's understanding of the potential consequences of alternatives and strategies. *White v. State*, 954 S.W.2d 703, 706 (Mo. App. W.D. 1997). Because of Movant's prior crimes, Plea Counsel testified Movant could have been charged as a prior and persistent offender at trial, exposing him to a range of punishment up to life imprisonment. A person found guilty of an offense can face an extended term of imprisonment if the court finds he is a prior offender or persistent misdemeanor offender. § 558.016.1. Plea Counsel's advice allowed Movant to reach an agreement mitigating the likelihood of being sentenced to more than four years.

Movant also fails to demonstrate how any of Plea Counsel's actions affected the voluntariness of his plea. Movant testified at the plea hearing he was aware of the full range of punishment for his initial charge and the effect pleading guilty would have on his potential range of punishments. As indicated by Plea Counsel's evidentiary hearing testimony, Movant's punishment range included life imprisonment due to his prior and persistent offender status. He also testified he understood his right to a jury trial before his plea. The plea court informed him what each party would argue at his sentencing hearing, with the sentencing court ultimately

deciding his punishment. The record reflects Movant was aware of the potential punishment at trial compared to the agreed upon punishment in his plea deal.

Movant failed to prove any specific act or omission by Plea Counsel showing ineffective representation. Failing to prove specific acts or omissions fails to overcome the presumption Plea Counsel provided competent assistance. *See Anderson*, 196 S.W.3d. at 33. Movant failed to prove by a preponderance of the evidence Plea Counsel's representation was unreasonable or Plea Counsel's actions prevented him from entering his plea voluntarily and knowingly. The motion court did not clearly err in finding Movant received effective assistance of counsel.

### 2. *Prejudice to Movant*

The prejudice prong requires a reasonable probability, but for counsel's error, Movant would not have pled guilty and would have insisted on going to trial. *Eddy v. State*, 176 S.W.3d 214, 217 (Mo. App. W.D. 2005). The motion court found Movant's testimony regarding his intent to go to trial was not credible. We defer to a motion court's credibility findings. *Tate*, 461 S.W.3d at 24.

The motion court had ample reason to find Movant's testimony not credible. During the evidentiary hearing, Movant testified he had never been in legal trouble before the incident leading to his guilty plea, but later reversed his testimony to admit he had several prior convictions. Movant stated the danger to the trailer only arose after someone else kicked the burning couch toward the trailer. The State presented evidence at the evidentiary hearing indicating the couch was on fire while near the trailer. Plea Counsel testified the evidentiary photos indicated the couch was on fire "a few feet" from the trailer. The motion court reasonably found Movant was not credible and he failed to demonstrate a reasonable probability he would have foregone a favorable plea deal, risking life in prison at trial.

8

For Movant to succeed on the prejudice prong, he must show the motion court clearly erred in finding Movant failed to prove by a preponderance of the evidence he would have insisted upon going to trial. The only evidence Movant presented to the motion court regarding prejudice was his testimony, which the motion court found not credible. The motion court did not clearly err in finding Movant failed to meet his burden of proof regarding prejudice.

Point denied.

## Conclusion

The judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Sherri B. Sullivan, J. and
Angela T. Quigless, J. concur.

9